[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant has filed a motion for summary judgment. He alleges that the contract between the plaintiff and the defendant is invalid and unenforceable because the plaintiff violated the provisions of Connecticut's Home Improvement Act (C.G.S. § 20-418 et sequitur).
For the reasons set forth below, the defendant's motion is DENIED.
 FACTS
The plaintiff, Northeast Design Development, LLC, filed an amended complaint on October 5, 2001, alleging that the defendant, Richard Pytlik, entered into an oral agreement with the plaintiff for installation of wall and ceiling surfaces in the defendant's home. The plaintiff further alleges that the work was completed, that the defendant expressed satisfaction with the completed work, and that the defendant has been billed but has failed to pay the remaining $10,728.41 due to the plaintiff.
On April 30, 2002, the defendant filed an answer and counterclaim to the amended complaint, primarily alleging that the defendant had not expressed satisfaction with the work, that in fact there were defects which the defendant had to repair, and that there was no further payment due to the plaintiff. The defendant further alleges as a special defense that the oral agreement is unenforceable under the Home Improvement Act, Connecticut General Statutes § 20-418, et seq.
On July 1, 2002, the defendant filed the instant motion for summary judgment, and a supporting affidavit. In the affidavit, the defendant claims that he and his wife owned the property, which was a single residential dwelling, and that they had undertaken renovations there. He also asserts that "[t]here exists no written agreement of any kind between myself and the plaintiff for provision of any labor, materials or CT Page 14528 services in the renovation of the subject property."
The defendant argues that the lack of a written agreement between a contractor and a homeowner violates the House Improvement Act, and renders the breach of contract claim unenforceable. For this reason, the defendant claims that summary judgment should be granted.
On October 4, 2002, the plaintiff filed an objection to the motion for summary judgment. The plaintiff supplemented its objection with affidavits, and with invoices which the plaintiff had sent to the defendant over the years. The affidavits purport that the defendant is the owner of a business which functions as a general contractor in the areas of new home and home improvement construction. The affidavits and invoices point to a longstanding prior business relationship between the parties in which the plaintiff provided subcontractor services to the defendant on various prior projects in which the defendant was the general contractor. The affidavits also allege, with respect to this matter, that the defendant was functioning as the general contractor on the project at his property, and had retained the plaintiff to provide certain services as a subcontractor.
The plaintiff argues that the provisions of the Home Improvement Act does not apply to subcontractors and that, therefore, the motion for summary judgment should be denied.
 STANDARD OF REVIEW
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) H.O.R.S.E. ofConnecticut, Inc. v. Washington, 258 Conn. 553, 560, 783 A.2d 993
(2001). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.CT Page 14529Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
"The test is whether a party should be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.)Morascini v. Commissioner of Public Safety, 236 Conn. 781, 808-09,675 A.2d 1340 (1996).
 DISCUSSION
As noted above, the defendant contends that he is entitled to summary judgment because the plaintiff is a contractor and there is no written agreement between the plaintiff and the defendant as required by the Home Improvement Act. "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, [and] (2) is signed by the owner and the contractor. . . ." C.G.S. § 20-429 (a). Our caselaw provides that a contract is subject to the requirements of the Home Improvement Act ". . . if it constitutes an agreement between a contractor and an owner for the performance of a home improvement." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso,232 Conn. 666, 657 A.2d 1087 (1995).
The focal point in the determination of this issue is whether or not the parties had a general contractor-subcontractor relationship. Although the defendant denies this, the plaintiff has offered affidavits and proof in support of this claim.
Connecticut's Supreme Court has ruled that the Home Improvement Act does not apply to subcontractors. "Nowhere in the legislative consideration is there revealed an intent to include subcontractors. . . ." (Internal quotation marks omitted.) Meadows v. Higgins, 249 Conn. 155,165, 733 A.2d 172 (1999). "[A]s a matter of law, the act was not intended to apply to the transaction between a subcontractor and the homeowner. . . ." Id., 166. "We conclude that . . . the act does not apply to a subcontractor." Id., 157. CT Page 14530
 FINDINGS
The court finds that a genuine issue of material fact exists in this case. Specifically, the trier must determine from the evidence whether the Home Improvement Act applies in this case, or whether a contractor-subcontractor relationship existed between the parties which rendered the law's provisions inapplicable.
Since the defendant has not met his burden of establishing the absence of genuine issue of material fact, his motion for summary judgment must be denied.[1]
SO ORDERED.
 BY THE COURT ___________________ RICHARD W. DYER JUDGE OF THE SUPERIOR COURT